UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:23-cv-81528-RLR-ROSENBERG/Reinhart

IOT INNOVATIONS LLC,

    Plaintiff,

v.

SOMFY SYSTEMS, INC.,

    Defendant.

_____/

**DEFENDANT SOMFY SYSTEMS, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant Somfy Systems, Inc. ("**Somfy**" or "**Defendant**"), in the above-styled cause, respectfully requests that this Court dismiss the Complaint filed by IOT Innovations LLC ("**IOT**" or "**Plaintiff**") for failure to comply with Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

Plaintiff seeks damages and injunctive relief under 35 U.S.C. § 271 against Defendant for direct infringement of all five patents (the "Asserted Patents")[1] allegedly owned by Plaintiff and indirect infringement of three of the Asserted Patents – the '173 Patent, the '224 Patent, and the '798 Patent. Furthermore, Plaintiff seeks treble damages for willful direct and indirect infringement of three of the Asserted Patents – the '173 Patent, the '224 Patent, and the '798 Patent. All of the infringement allegations should be dismissed for Plaintiff's failure to state a

---

[1] Plaintiff asserts the following five patents against Defendant: U.S. Patent No. 7,246,173 (the '173 Patent), U.S. Patent No. 7,165,224 (the '224 Patent), U.S. Patent No. 7,394,798 (the '798 Patent), U.S. Patent No. 7,974,266 (the '266 Patent), and U.S. Patent No. 7,974,260 (the '260 Patent).

claim for relief. Specifically, Plaintiff's pleadings fail to allege facts that meet the pleading requirements under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

The Complaint does not plausibly state a claim for direct infringement because Plaintiff has not alleged that Defendant's accused products have met every limitation of the claims. Plaintiff opted to assert barebone conclusory allegations of infringement without any explanation of how the Accused Products meet the claim limitations. The conclusory allegations of the Complaint fail to provide Defendant with adequate notice of infringement to satisfy minimum pleading requirements for direct infringement. *See Blue Water Innovations, LLC v. Fettig*, No. 18-60671-CIV-Scola, 2019 LEXIS 73605, at *4-*5 (S.D. Fla. Mar. 8, 2019) ("In order to state a claim for patent infringement, 'the allegedly infringing product must practice all elements of a patent claim.' Furthermore, '[a]n allegation of direct patent infringement is insufficient under *Twombly* and *Iqbal* if it simply recites some of the elements of a representative claim and then describes generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements.'") (quoting *Raptor, LLC v. Odebrecht Constr.*, No. 17-21509, 2017 LEXIS 97440, 2017 WL 3503399, at *3 (S.D. Fla. June 22, 2017)).

Plaintiff's conclusory statements also fail to support its claims of indirect infringement. For both contributory and induced infringement, the Complaint fails to plead facts supporting an inference of Defendant's "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015). For example, Plaintiff's pleadings of *actual* knowledge improperly rely on Defendant's purported knowledge of the Asserted Patents only as of the date of service of the Complaint—which courts in this District have explained is insufficient. *See Wi-Lan USA, Inc. v. Rsch. in Motion Ltd.,*, No. 12-CV-24349-

DMM/DLB, 2013 WL 12092486, at *4 (S.D. Fla. June 7, 2013). Plaintiff also fails to allege other key legal requirements, including specific intent for induced infringement and the lack of substantial non-infringing uses for contributory infringement.

Plaintiff has also failed to sufficiently plead the willful infringement allegations set forth in the Complaint. Therefore, the willful infringement allegations should be dismissed. The Federal Circuit has held, "[t]o prevail on an allegation of willful infringement, the patentee must prove (1) that the accused infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent; and (2) that this objectively defined risk was either known or so obvious that the accused infringer should have known about it." *K-TEC, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1378 (Fed. Cir. 2012)) (citing *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*)). The Complaint fails to plausibly allege that Defendant acted with "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, [or] flagrant" intent. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S.Ct. 1923, 1932 (2016).

## FACTUAL BACKGROUND

### I. The Complaint

Plaintiff filed the Complaint on December 1, 2023. Dkt. No. 1. In the Complaint, Plaintiff failed to plead sufficient facts supporting allegations of direct, indirect, and willful infringement, literally or under the doctrine of equivalents.

### II. The Accused Products

Plaintiff alleges Defendant's "home security and control platform and systems, including but not limited to those marketed as Somfy Home and Security Systems" infringe the Asserted Patents. Dkt. No. 1 at ¶ 18. Paragraph 18 of the Complaint proceeds to list a number of specific product categories and names. Other than naming the Accused Products and providing Exhibits

that allegedly document aspects of the Accused Products, Plaintiff fails to provide any factual allegations concerning the products and services specifically, or with respect to the Asserted Claims.

### III. The Asserted Patents and Allegations of Direct Infringement

For each of the Asserted Patents, the Complaint provides only vague and conclusory allegations presented in a formulaic manner. The Complaint concludes that the Accused Products at least infringe a specific claim of each Asserted Patent by simply reciting the claim elements verbatim. The Complaint does not even attempt to identify how any feature of the Accused Products allegedly infringes or corresponds to the limitations of the Asserted Claims. The Complaint also includes general references to Exhibits; however, those Exhibits only include documentation of the Accused Products and do not attempt to link any of the claim limitations to the Accused Products.

### IV. Allegations of Indirect Infringement

Plaintiff asserts indirect infringement of three of the Asserted Patents, the '173, '224, and '798 Patents, using similar generic and conclusory language. Plaintiff not only fails to identify specific acts of direct infringement, but then summarily concludes "that the normal and customary use of the Accused Instrumentalities by others would infringe" without detailing any specific accused acts by Defendant or any other party. *E.g., id.* ¶¶ 29-30, 46-47, and 64-65. Plaintiff also fails to identify facts that demonstrate that Defendant knowingly and actively directed others to infringe. Instead, Plaintiff concludes that Defendant contributes to and encourages direct infringement by "advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner," or causes others to infringe through advertising and promotional materials and the distribution of instructions. Dkt. No. 1 at ¶¶ 29,

4

46, 64. However, while the Complaint may reference certain Exhibits that include materials relating to the Accused Products, such as instruction manuals, the Complaint does not explain how any acts meet the limitations of the claims. *Id.* None of these allegations provide sufficient notice of Plaintiff's infringement theories.

### V.   Allegations of Willful Infringement

Plaintiff also alleges willful infringement of the Asserted Patents but fails to allege *pre-suit* knowledge from which any alleged willful infringement liability could be based. *E.g., id.* ¶¶ 29, 31, 46, 48, 64, and 66. Instead, Plaintiff improperly relied on knowledge of the Asserted Patents since service of the Complaint. Plaintiff proceeds to allege that Defendant "has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of IOT Innovations' patent rights." *E.g., id.* ¶ 32, 49, and 67. These allegations fail to provide Defendant with sufficient notice of Plaintiff's infringement theories.

## MEMORANDUM OF LAW

### I.   Legal Standard

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10 states, in part, that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). At the pleading stage, a Complaint should be dismissed if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This standard requires "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A Complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678 (explaining that Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Generally, when reviewing a motion under Rule 12(b)(6), a court must accept the Plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the Plaintiff. See *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; see *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). A Court considering a Rule 12(b)(6) motion to dismiss is limited to the facts contained in the Complaint and attached exhibits, including documents referred to in the Complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still

be[2] considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

**II.     Analysis**

    **A.     The Direct Infringement Claims are Inadequately Pled.**

In this District, it has been held that "an allegation of direct patent infringement is insufficient under *Twombly* and *Iqbal* if it 'simply recit[es] some of the elements of a representative claim and then describ[es] generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements.'" *Global Tech LED, LLC v. Every Watt Matters, LLC*, No. 15-cv-61933-BLOOM/Valle, 2016 WL 6682015, at *2 (S.D. Fla. May 19, 2016) (citing *Atlas IP LLC v. Pac. Gas & Elec. Co.,* No. 15-CV-05469-EDL, 2016 WL 1719545, at *5 (N.D. Cal. Mar. 9, 2016)). Courts in this District have also repeatedly held that this standard, often met through a presentation of claim charts, is required for every asserted claim. *Thermolife International, LLC et al. v. Vitamin Shoppe, Inc.*, No. 16-cv-60693-UU, 2016 WL 6678525, at *2 (S.D. Fla June 8, 2016) ("Should Plaintiffs wish to assert patent infringement claims with respect to claims 2 and 3 of the Patent, Plaintiffs must amend the Chart to allege plausible facts to support such claims."), *see also Werteks Closed Joint Stock Company v. Vitacost.com, Inc.* 16-cv-60695-GAYLES, 2016 WL 5076169, at *2-3 (S.D. Fla. September 20, 2016) ("The Plaintiffs are required to put forth facts that, at the very least, allow the Court to make a reasonable inference that the Defendants have infringed on claims 2 and 3. As the Plaintiffs concede they allege facts only as to claim 1, the Court is unable to make any such

---

[2] Although the law of the Federal Circuit governs substantive patent issues, the Court applies the law of the Eleventh Circuit Court of Appeals when evaluating procedural issues. *See In re Bill of Lading*, 681 F.3d at 1331 ("Because it raises a purely procedural issue, an appeal from an order granting a motion to dismiss for failure to state a claim upon which relief can be granted is reviewed under the applicable law of the regional circuit.") (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007)).

inference. Accordingly, the motion to dismiss Count I of the Complaint shall be granted as to claims 2 and 3 of the '077 Patent."). Even if the Court finds that the allegations in the Complaint are sufficient with respect to the single claim referenced in each Count of the Complaint, the Complaint should be dismissed with respect to any remaining claims of the five Asserted Patents.

Plaintiff recites a list of several of Defendant's products and labels them as the Accused Products in Paragraph 18 of the Complaint. However, Plaintiff fails to allege how the Accused Products meet any limitation of any of the Asserted Claims, much less **_every_** limitation of each of the Asserted Claims. "Where, as here, the asserted patent claims are method claims, the sale of a product, without more, does not infringe the patent." *Meyer Intell. Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1366 (Fed. Cir. 2012) (*citing i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 850 (Fed. Cir. 2010)). "[D]irect infringement . . . requires a showing that every step of the claimed method has been practiced" and Plaintiff has failed to even attempt such a showing. *See id.* Instead, direct infringement of a method claim requires a showing that every step of the claimed method has been practiced. *Lucent Techs., Inc. v. Gateway, Inc.,* 580 F.3d 1301, 1317 (Fed. Cir. 2009).

Here, Plaintiff opted to only assert barebone conclusory allegations of infringement. Such conclusory allegations fail to provide Defendant with adequate notice of infringement to satisfy the minimum pleading requirements for direct infringement. *See Blue Water Innovations, LL,C* 2019 LEXIS 73605, at *4-*5. ("In order to state a claim for patent infringement, 'the allegedly infringing product must practice all elements of a patent claim.' Furthermore, '[a]n allegation of direct patent infringement is insufficient under *Twombly* and *Iqbal* if it simply recites some of the elements of a representative claim and then describes generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements.'") (quoting *Raptor, LLC*, 2017 WL 3503399, at *3.).

Examples of Plaintiff's conclusory infringement allegations for each Asserted Patent are identified below. Similar to the insufficient pleading described above, Plaintiff "simply recites some of the elements of a representative claim and then describes generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements." *See id.*

1. *Exemplary Insufficient Direct Infringement Pleading ('173 Patent)*

The Complaint alleges that Defendant has directly infringed at least claim 1 of the '173 Patent by simply stating that "Defendant, through the use and provision of the Accused Products, performs" - followed by the claim language, verbatim. *See* Dkt. No. 1 at ¶ 28. The allegation does not explain how the operation of any of the Accused Products meets the claim limitations. As a result, Defendant is left without proper notice of how the Accused Products allegedly infringe.

2. *Exemplary Insufficient Direct Infringement Pleading ('224 Patent)*

The Complaint alleges that Defendant has directly infringed at least claim 1 of the '224 Patent by simply stating that "Defendant, through the use and provision of the Accused Products, performs" – followed by the claim language, verbatim. *See* Dkt. No. 1 at ¶ 45. The allegation does not explain how the operation of any of the Accused Products meets the claim limitations. As a result, Defendant is left without proper notice of how the Accused Products allegedly infringe.

3. *Exemplary Insufficient Direct Infringement Pleading ('798 Patent)*

The Complaint alleges that Defendant has directly infringed at least claim 16 of the '798 Patent by simply stating that "Defendant, through the use and provision of the Accused Products, performs" – followed by the claim language, verbatim. *See* Dkt. No. 1 at ¶ 62. The allegation fails to explain how the operation of any of the Accused Products meets the claim limitations. As a

result, Defendant is left without proper notice of the alleged infringement.

4. *Exemplary Insufficient Direct Infringement Pleading ('266 Patent)*

The Complaint alleges that Defendant has directly infringed at least claim 1 of the '266 Patent by simply stating that "Defendant, through the use and provision of the Accused Products, performs" – followed by the claim language, verbatim. *See* Dkt. No. 1 at ¶ 79. The allegation fails to explain how the operation of any of the Accused Products meets the claim limitations. As a result, Defendant is left without proper notice of the alleged infringement. The Complaint also includes general references to Exhibits G, P, and Q. However, those Exhibits only include documentation related to the Accused Products and do not attempt to link any of the claim limitations to the Accused Products. *Id.*

5. *Exemplary Insufficient Direct Infringement Pleading ('260 Patent)*

The Complaint alleges that Defendant has directly infringed at least claim 5 of the '266 Patent by simply stating that "Defendant, through the use and provision of the Accused Products, performs" – followed by the claim language, verbatim. *See* Dkt. No. 1 at ¶ 89. The allegation fails to explain how any of the Accused Products meet the claim limitations, such that Defendant is left without proper notice of the alleged infringement. The Complaint also includes general references to Exhibit N, but this Exhibit only includes documentation related to an Accused Product and does not attempt to link any of the claim limitations to the Accused Product. *Id.*

**B.     The Indirect Infringement Claims are Inadequately Pled**

Plaintiff's indirect infringement claims should be dismissed. Plaintiff's indirect infringement claims are deficient at a minimum for failure to plausibly allege direct infringement, which are fatal to Plaintiff's claims of induced and contributory infringement. To plead indirect

infringement, the Complaint must first plead direct infringement by a third party. *See Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1331 (Fed. Cir. 2017) ("[A] finding of direct infringement is predicate to any finding of indirect infringement"); *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 407 (Fed. Cir. 2018). For both contributory and induced infringement, the Complaint must also plead facts supporting an inference of the Defendant's "knowledge of the patent in suit and knowledge of patent infringement." *Commil*, 135 S. Ct. at 1926; *see Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015). Furthermore, the Complaint improperly combines multiple types of infringement in each count. *See also zIT Consulting GmbH v. BMC Software, Inc.*, No. 6:15-cv-1012-Orl-37KRS, 2016 LEXIS 5346, 2016 WL 231215, at *3 (M.D. Fla. Jan. 15, 2016) (overruled on other grounds)(dismissing a Complaint in patent action where Plaintiff lumped direct and indirect infringement claims together in a single count). As such, the direct and indirect infringement claims should be dismissed.

        1.    *Plaintiff's indirect infringement claims fail without direct infringement.*

"It is axiomatic that '[t]here can be no inducement or contributory infringement without an underlying act of direct infringement.'" *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018) (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012)). Plaintiff failed to viably plead direct infringement, as detailed above, and likewise Plaintiff has failed to adequately plead its claims of induced and contributory infringement. These claims should be dismissed.

        2.    *Plaintiff fails to allege knowledge required for indirect infringement.*

Plaintiff's indirect infringement claims also fail because they do not plead the required "knowledge of the patent in suit and knowledge of patent infringement." *Commil*, 135 S. Ct. at

11

1926. Courts in this District have explained that indirect infringement requires pre-suit knowledge and service of a Complaint is insufficient. *See Wi-Lan USA, Inc. v. Rsch. in Motion Ltd.,*, No. 12-CV-24349-DMM/DLB, 2013 WL 12092486, at *4 (S.D. Fla. June 7, 2013) (holding that service of a Complaint cannot impute the necessary knowledge for induced infringement and "[p]laintiff must [] allege that [d]efendants had pre-suit knowledge of the [patent] to sustain its claims for induced . . . infringement.").

As discussed above, the Complaint does not allege knowledge of any of the Asserted Patents prior to the filing of the Complaint. The Complaint only alleges that Defendant had knowledge of the Asserted Patents "at least as of the date when it was notified of the filing of this action." Dkt. No. 1 at ¶ 31. In fact, Plaintiff appears to admit that Defendant was not aware of Plaintiff's patent rights by alleging willful blindness. *See* Dkt. No. at ¶¶ 32, 49, and 67.

The Plaintiff's failure to allege pre-suit knowledge is fatal to its claim for indirect infringement. *See Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1268–69 (M.D. Fla. 2012). In an attempt to overcome this deficiency, Plaintiff alleges a combination of knowledge through service and willful blindness, at least with respect to the '173, '224, and '798 Patents. *See* Dkt. No. 1 at par. 32, 49, and 67. Plaintiff fails to meet the high standard for demonstrating willful blindness. To do so, Plaintiff would have to show that Defendant "subjectively believed that there is a high probability" that it was infringing the Asserted Patents and took "deliberate actions to avoid learning" of its infringement. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, at 769 (2011). The Complaint does not provide any factual support showing that Defendant believed that it was infringing the Asserted Patents or took "deliberate actions to avoid learning" of infringement and, therefore, fails to meet the high standard of willful blindness. On the contrary, Plaintiff recklessly alleges "on information

and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others," without any factual support. Dkt. No. 1 at ¶¶ 32, 49, and 67.

### 3. *Plaintiff fails to allege specific intent required for induced infringement.*

Plaintiff fails to sufficiently plead that Defendant had the specific intent to cause patent infringement by others. Allegations of specific intent require factual "evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)).

The Complaint alleges that Defendant "took active steps" by "advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner" or causing others to infringe through advertising and promotional materials and distributing instructions. Dkt. No. 1 at ¶¶ 29, 46, 64. The Complaint fails to plead facts sufficient to demonstrate: (1) Defendant knew that the alleged acts infringed, and (2) Defendant knew that the promotion of their products would induce or encourage others to infringe the Asserted Patents. *See Addiction*, 620 F. App'x at 938 ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement."). Plaintiff's reliance on Defendant's distribution of instructions is also insufficient. *See Takeda Pharm. U.S.A., Inc. v. West-Ward Pharm. Corp.*, 785 F.3d 625, 631 & n.3 (Fed. Cir. 2015) (instructions that describe an allegedly "infringing mode" do not show intent to induce; inducement requires taking "active steps" to encourage direct infringement).

Plaintiff's allegations of induced infringement should be dismissed for failure to sufficiently plead the elements of inducement.

    4. *Plaintiff fails to allege a lack of substantial non-infringing uses for contributory infringement.*

Plaintiff did not "plead facts that allow an inference that the components sold or offered for sale have no substantial non- infringing uses." *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citations omitted). Plaintiff also failed to properly plead facts allowing an inference that the components constitute a material part of the invention. Plaintiff's only allegations supporting that there are no substantial non-infringing uses and material part of the invention, are conclusory statements repeating the legal requirements. Dkt. No. 1 at ¶¶ 30, 47, 65. The Federal Circuit has held such conclusory allegations are not enough. *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018). Plaintiff's failure to provide more than mere conclusory statements warrants dismissal of the contributory infringement allegations.

  **C.** **Plaintiff Fails to State a Claim for Willful Infringement**

The Complaint only asserts willful infringement with respect to the '173, '224, and '798 Patents. "To sustain a claim for inducing, contributory or willful infringement, a plaintiff must show, at a minimum, that the defendant had knowledge of the patent at issue." *Wi-Lan*, 2013 WL 12092486, at *3 (quoting *Global-Tech Appliances, Inc. v. SEB SA*, 563 U.S. at 765-66). As discussed above, the Complaint does not allege knowledge of any of the Asserted Patents prior to the filing of the Complaint. The Complaint only alleges that Defendant had knowledge of the Asserted Patents "at least as of the date when it was notified of the filing of this action." Dkt. No. 1 at ¶ 31. In fact, Plaintiff appears to admit that Defendant was not aware of Plaintiff's patent rights by alleging willful blindness. *See* Dkt. No. 1 at ¶¶ 32, 49, and 67.

      **D.**     **Plaintiff Fails to Sufficiently Plead the Doctrine of Equivalents**

Plaintiff's direct and indirect infringement allegations are based on literal infringement or infringement under the doctrine of equivalents (DOE). Dkt. No. 1 at ¶¶ 27, 29, 44, 46, 61, 64, 78, 88, and 93(a). The DOE assertions are inadequately pled. To sufficiently plead a DOE claim, "[a] patentee must establish equivalency on a limitation-by-limitation basis by particularized testimony and linking argument as to the insubstantiality of the differences between the claimed invention and the accused device or process." *Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*, 811 F.3d 1334, 1342 (Fed. Cir. 2016). Additionally, where a patentee seeks to rely on the doctrine of equivalents to support its claim of infringement, the patentee is obligated to offer legal and factual support for its position. *Source Vagabond Sys. Ltd. v. Hydrapak, Inc.*, 753 F.3d 1291, 1302 (Fed. Cir. 2014) (affirming the district court's finding of sanctions under Rule 11 and finding that "[c]ounsel was obligated to come forward with a showing of exactly why, prior to filing suit, they believed their claim of infringement under the doctrine of equivalents was reasonable").

Plaintiff failed to map any claim limitations to the Accused Products, much less explain how and why a component utilized in the Accused Products is equivalent to, or an insubstantial difference from, a missing claim limitation. An appropriate DOE claim against any of the Accused Products should have been provided and explained in a separate count because the elements of infringement under DOE differ from the elements of direct or indirect infringement. As such, Plaintiff's DOE claim should also be dismissed.

## CONCLUSION

The Complaint fails to state a claim upon which relief can be granted and lacks the required specificity for pleading a cause of action under Fed. R. Civ. P. 8 and *Twombly*. The proper remedy is dismissal, and Defendant requests that this Court dismiss the Complaint under Fed. R. Civ. P.

12(b)(6) for failing to state a claim upon which relief can be granted.

Dated: January 31, 2024	Respectfully Submitted,

*/s/ Monica M. Kovecses*
Monica McNulty Kovecses
Florida Bar Number: 105382
Email: monica.kovecses@akerman.com
Secondary: danielle.campbell@akerman.com
**AKERMAN LLP**
420 South Orange Avenue, Suite 1200
Orlando, FL  32801-4904
Phone:  (407) 423-4000
Fax:  (407) 843-6610

- and -

Michael R. Casey *(Pro Hac Vice Pending)*
Sid V. Pandit *(Pro Hac Vice Pending)*
Email: mrc@maierandmaier.com
Email: svp@maierandmaier.com
Secondary: mmpatlit@maierandmaier.com
**MAIER & MAIER**
345 South Patrick Street
Alexandria, VA 22314
Phone:  (703) 740-8322
Fax:  (703) 991-7071
*Attorneys for Defendant, Somfy Systems, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 31, 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system.

*/s/ Monica M. Kovecses*
Attorney

74780660;1