IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 9:23-CV-81528-ROSENBERG/Reinhart

IOT INNOVATIONS LLC,

        Plaintiff,

v.

SOMFY SYSTEMS INC.,

        Defendant.

**JOINT SCHEDULING REPORT**

Pursuant to the Court's Order dated December 5, 2023 (DE 7), Fed.R.Civ.P. 16 and 26, and Local Rule 16.1(b), Plaintiff IoT Innovations LLC ("IoT" or "Plaintiff") and Defendant Somfy Systems Inc. ("Somfy" or "Defendant") respectfully submit this Joint Scheduling Report. A Proposed Scheduling Order is attached as Exhibit 1.

**I.      CASE MANAGEMENT TRACK**

The Parties recommend that this case be placed on the Standard Case Management Track, as defined in Local Rule 16.1(a)(2)(B). The Complaint asserts five different patents and at least nineteen (19) different accused products. As such, the parties agree that based on the number of patents and accused products, deadlines should be set towards the further end of the 269 day limitation for discovery to be completed. *Id.*

**II.     LOCAL RULE 16.1(b)(2) SCHEDULING CONFERENCE REPORT**

1.      **Likelihood Of Settlement** – The parties have and continue to explore settlement possibilities and will advise the Court promptly should this matter settle.

2.      **Likelihood Of Appearance In The Action Of Additional Parties** – The Parties do not anticipate the appearance of additional parties, but reserve the right to add additional parties during discovery.

3. **Proposed Limits On Time** – The Parties have agreed upon and submit the following schedule of proposed dates:

|     | ACTION | JOINT PROPOSED DEADLINE |
| --- | --- | --- |
| 1.  | Service of Initial Disclosures | March 6, 2024 |
| 2.  | Final date for joinder of any additional parties: | May 1, 2024 |
| 3.  | Final date for the parties to file amended pleadings without leave of court: | May 22, 2024 |
| 4.  | Fact discovery shall be complete by: | November 11, 2024 |
| 5.  | Parties shall disclose experts, expert witness summaries, and reports as required by Fed. R. civ. P. 26(a)(2) by: | December 9, 2024 |
| 6.  | Parties shall exchange rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26 (a)(2) by: | January 13, 2025 |
| 7.  | Selection of mediator due by: | April 10, 2024 |
| 8.  | Expert discovery shall be complete by: | February 24, 2025 |
| 9.  | Dispositive motions, including those regarding summary judgment, Daubert Motions, and Motions *in limine* must be filed by | March 31, 2025 |
| 10. | Mediation shall be completed by: | January 30, 2025 |
| 11. | Joint pretrial stipulations, proposed joint jury instructions, proposed joint verdict form and/or proposed findings of fact and conclusions of law must be filed by: | May 30, 2025 |
| 12. | Parties shall exchange written lists containing the names and addresses of all fact witnesses intended to be called at trial by: | June 6, 2025 |

4. **Proposals For Formulation And Simplification Of Issues** – The parties agree to make their best efforts to simplify the issues if it becomes apparent through the course of discovery that any claim or defense is not supported by the evidence, including stipulation to facts as appropriate, and will continue to pursue resolution of these issues prior to trial.

The parties agree that electronic service will be sufficient and service by mail will not be required.

5. **The Necessity And Desirability Of Amendments To The Pleadings** –

Amendments to the pleadings may occur as discovery evolves and disclosures are made.

6. **Possibility Of Obtaining Admissions Of Fact, Stipulations, An Advance Rulings On Evidence** – The parties will in good faith attempt to obtain admissions of fact and documents that will avoid unnecessary proof and cumulative evidence and will promptly notify the Court of the need for any advance rulings on the admissibility of evidence. The parties will confer with one another on issues regarding the preservation, disclosure, and discovery of documents, electronically stored information, or things. The parties do not anticipate departing from the Federal or Local Rules regarding discovery, and believe that they will primarily engage in discovery and the exchange of documents electronically. After discovery, the Parties will make their best efforts to stipulate to the authenticity of documents, and to stipulate or admit facts where possible. The parties will discuss the ability to waive authenticity objections for records and other items obtained through the discovery process.

7. **Suggestions To Avoid Unnecessary Proof And Cumulative Evidence** – The parties have discussed the possibility of obtaining admissions of fact and of documents, stipulations regarding authenticity of documents, and efforts to avoid unnecessary proof and cumulative evidence, and have agreed to make their best efforts to agree on such admissions, stipulations, and suggestions for the avoidance of unnecessary proof and of cumulative evidence, and to file such with the Court along with motions, if deemed necessary, for advance rulings on the admissibility of evidence.

8. **Suggestions On The Advisability Of Referring Matters To A Magistrate Judge Or Master** – The parties do not consent to trial before a United States Magistrate Judge. However, the parties agree that discovery matters may be referred to the Magistrate Judge.

9. **Preliminary Estimate Of Time Required For Trial** – Pursuant to Local Rule

16.1(a)(2), the parties agree that based on the issues of patent infringement and potential defenses, this case should be placed on this Court's Standard Track. The Complaint asserts five different patents and at least nineteen (19) different accused products. As such, the parties agree that based on the number of patents and accused products, deadlines should be set towards the further end of the 269 day limitation for discovery to be completed. *See* Local Rule 16.1(a)(2)(B). At this time, the parties believe this matter will require nine (9) to ten (10) days for trial.

10. **Suggested Trial and Pretrial Dates** – The parties request a conference before trial. The pretrial conference date has not been set. The trial date has not been set.

11. **Any Issues About:**

   **(i)    disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties affirm that reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise. The Parties agree to produce documents in a reasonably usable form or forms as required under FRCP 34(b)(2)(E)(ii).  The parties agree to use the ESI checklist available at www.flsd.uscourts.gov to guide any discussions about discovery of ESI.  The parties agree that general ESI production requests under Fed. R. Civ. P. 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email").  To obtain email, parties must propound specific email production requests.

   **(ii)   claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

Plaintiff and Defendant will negotiate a protective order that will be used to designate the parties' respective confidential information as either "confidential," "confidential-attorney's eyes only," or "confidential-attorney's eyes only – source code" in order to facilitate the disclosure of

sensitive information. The parties will present such an order to the Court for approval and entry.

12. **Other Information That Might Be Helpful** – The parties are unaware of any additional information that might be helpful to the court, but the parties will apprise the Court should other information come to light.

### III. RULE 26(f) DISCOVERY PLAN

**(A) Proposals as to what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) will be made.**

The Parties do not propose any changes as to the requirement to the form of disclosures under Fed. R. Civ. P. 26(a)(1). The Parties agree to exchange the information required by Fed. R. Civ. P. 26(a)(1) on or before March 6, 2024.

**(B) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

IoT anticipates the need for discovery on at least the following subjects: the extent and scope of Somfy's manufacture, marketing, use, sale, offer for sale, and/or distribution of the accused infringing products and methods; Somfy's offer for sale, sale, and/or distribution of products and services to its customers; sales and other financial information relating to the accused infringing products and methods; Somfy's knowledge, and any pre-suit analysis, of the asserted patents; and the scope and extent of any damages that IoT has suffered in response to Somfy's infringement.

Somfy anticipates the need for discovery on at least the following topics: the inventorship, ownership, and assignment of the Asserted Patents; licenses regarding the Asserted Patents; IoT's assertions of willfulness infringement; Prior art patents, publications, documents, and/or devices and other disclosures; the prosecution of the Asserted Patents before the United States Patent and Trademark Office; IoT's knowledge of Somfy and its pre-suit analysis of the Asserted Patents; the

scope and extent of any alleged damages that IoT has suffered; IoT's allegations of infringement and the basis thereof; the scope and meaning of the claims in the Asserted Patents; IoT's allegations in the Complaint.

The Parties do not believe discovery needs to be conducted in phases or limited to or focused upon particular issues.

**(C) Issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**.

The Parties agree that they may request or produce information from electronic or computer-based media.  *See* I.11 above.

**(D) Issues about claims of privilege or protection as trial-preparation materials, including whether to ask the Court to include their agreement in an order**.

The Parties agree that a mutually agreeable Protective Order governing the treatment and disclosure of confidential information, including source code, will be required.  *See* I.11 above.

**(E) Changes in the limitations on discovery imposed under the Federal or Local Rules, and other limitations to be imposed**.

The Parties do not propose any changes to the limitations on discovery imposed by the Federal or Local Rules. The Parties request that the applicable Federal Rules of Civil Procedure and Local Rules of this Court govern interrogatories, requests for admissions, the number of depositions, and the time permitted for the taking of depositions. The Parties further propose that reports from retained experts under Rule 26(a)(2) are to be governed by the applicable Federal Rules of Civil Procedure and Local Rules of this Court.  Supplementations are due within a reasonable time after discovering the need to supplement.

**(F) Any other orders that should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c).**

None at this time.

Dated: February 14, 2024           Respectfully submitted,

By: */s/ Brian R. Gilchrist, Esq.*

Brian R. Gilchrist, Esq., FL Bar #774065
Email: bgilchrist@allendyer.com
**ALLEN, DYER, DOPPELT + GILCHRIST, PA**
255 South Orange Avenue, Suite 1401
Orlando, Florida 32801
Telephone: (407) 841-2330
Facsimile: (407) 841-2343

*Attorneys for Plaintiff IOT INNOVATIONS LLC*

<u>**Of Counsel**</u>
James F. McDonough, III (GA 117088) *
**ROZIER HARDT MCDONOUGH, PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866
Email: jim@rhmtrial.com

* Admission *pro hac vice* pending

Dated: February 14, 2024                     Respectfully submitted,

*/s/ Monica McNulty Kovecses\**
Monica McNulty Kovecses
Florida Bar Number: 105382
Email: monica.kovecses@akerman.com
Secondary: danielle.campbell@akerman.com
**AKERMAN LLP**
420 South Orange Avenue, Suite 1200
Orlando, FL 32801-4904
Phone: (407) 423-4000
Fax: (407) 843-6610

- and -

Michael R. Casey (*Pro Hac Vice*)
Sid V. Pandit (*Pro Hac Vice*)
Email: mrc@maierandmaier.com
Email: svp@maierandmaier.com
Secondary: mmpatlit@maierandmaier.com
**MAIER & MAIER**
345 South Patrick Street
Alexandria, VA 22314
Phone: (703) 740-8322
Fax: (703) 991-7071

***Attorneys for Defendant, Somfy Systems, Inc.***

\*e-signed with express permission

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served by electronic mail on all counsel or parties who are not authorized to receive Notices of Electronic Filing.

Dated: February 14, 2024                              Respectfully submitted,

By: */s/ Brian R. Gilchrist, Esq.*